IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| PRIORITY DESIGN & SERVICE, INC., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> GABRIEL PLAZA, dba PRIORITY AIR § <br> SERVICE, § <br> § <br> Defendant. § <br> § | Civil Case No. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Priority Design & Service, Inc. files this Complaint against Defendant, Gabriel Plaza, dba Priority Air Service and would respectfully show as follows:

### I. PARTIES

1. Priority Design & Service, Inc. ("Priority Design") is a Texas corporation with its principal office located at 17170 Jordan, Suite 202, Selma, Texas 78154.

2. Upon information and belief, Gabriel Plaza, dba Priority Air Service ("Priority Air") is an individual resident of Texas doing business in Bexar County, Texas, and may be served at his primary office located at 2510 SW 36th Street, San Antonio, Texas 78237, or anywhere he may be found.

### II. JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. 1331 and 15 U.S.C. § 1121, and supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. 1367(a). Priority Design seeks money damages and equitable relief against Priority Air. The Court has personal jurisdiction over the Defendant and venue is proper in this District pursuant to 28 U.S.C.

§ 1391 because Defendant resides and does business within this District and all or a substantial part of the events or omissions giving rise to this action occurred in Bexar County, Texas.

### III. FACTS

4. Priority Design was incorporated in Texas in February 1999. Priority Design's business is the provision of residential and multi-family heating and air conditioning services in the greater San Antonio, Texas area.

5. Priority Design recently became aware that Priority Air is also doing business in Texas, specifically in the greater San Antonio area. Priority Design investigated and sent Priority Air a letter dated April 26, 2018, instructing Priority Air to cease and desist use of its highly similar name. Priority Air failed to respond to Priority Design's demand.

6. Priority Design has been using its name as a trademark since it was incorporated in 1999. Additionally, Priority Design has been using its current logo as a trademark since at least 2002. Priority Design is also the owner of two currently pending applications with the U.S. Patent and Trademark Office ("USPTO") for nationwide registration of its "Priority Design & Service" word trademark, Serial No. 88205020, and its logo design plus word trademark, Serial No. 88211907. Priority Design has not given Priority Air, or any other person or entity, permission to use any of its trademarks. Priority Air's use of Priority Design's Trademarks is an indefensible infringement on Priority Design's trademark rights. Priority Design and Priority Air are direct competitors in the marketing and sale of heating and air conditioning services.

7. Priority Design recently discovered that Priority Air is providing sub-par services to Priority Design's current and potential customers. Priority Design first discovered this when an unhappy customer called Priority Design to repair the defective work it performed, but Priority Design did not have a record of performing work at that particular address. In fact, it was Priority

Air that had performed the defective work, but the customer could not tell the companies apart and complained to Priority Design.

8. Priority Air is wrongfully profiting from using a name confusingly similar to Priority Design's trademarks, and harming the goodwill Priority Design has worked almost two decades to establish.

## IV.  APPLICABLE LAW

9. To prove its claim for trademark infringement against Priority Air, Priority Design need only show:  (1) Priority Design possesses a valid trademark; and (2) Priority Air's use of Priority Design's Trademarks creates a likelihood of confusion as to source, affiliation, or sponsorship. *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 309 (5th Cir. 2008). This standard is used for claims under both the Federal Lanham Act, 15 U.S.C. 1051, et seq., and the Texas Trademark statute, Chapter 16 of the Texas Business & Commerce Code.  The same standards apply to Federal and Texas trademark common law. *Amazing Spaces, Inc. v. Metro Mini Storage,* 608 F.3d 225, 235 n.7 (5th Cir. 2010) (citing *Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Improvement Corp.*, 53 S.W.3d 799, 806 n.3 (Tex. App.—Austin 2001, pet. denied)*; see also All Am. Builders, Inc. v. All Am. Siding of Dall., Inc.*, 991 S.W.2d 484, 488 (Tex. App.—Fort Worth 1999, no pet.) ("The issues in a common law trademark infringement action under Texas law are no different than those under federal trademark law.")

### Priority Design Owns a Valid Mark

10. Registration of a mark is prima facie evidence of ownership and validity. 15 U.S.C. §§ 1057(b), 1115(a).  Here, Priority Design's "Priority Design & Service" trademark is pending registration with the USPTO. Accordingly, Priority Design will have prima facie evidence of ownership and validity of its "Priority Design & Service" trademark when the USPTO issues the

registration. Additionally, Priority Design has been using its name in commerce to sell heating and air conditioning services and designate the source of those services as Priority Design & Service, Inc. since 1999.  Priority Design has been using its logo in commerce to sell the same services and designate the same source for those services since 2002.  Thus, Priority Design has multiple valid trademarks.

### Priority Air's Use of Priority Design's Trademark Creates a Likelihood of Confusion

11.     When evaluating likelihood of confusion as to source, affiliation, or sponsorship, courts consider a non-exhaustive list of factors, known as the "digits of confusion" including "(1) the type of mark allegedly infringed, (2) the similarity between the two marks, (3) the similarity of the products or services, (4) the identity of the retail outlets and purchasers, (5) the identity of the advertising media used, (6) the defendant's intent, and (7) and evidence of actual confusion." *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 478 (5th Cir. 2008).  Also relevant is the degree of care exercised by potential consumers.  *Id.*  No single factor is dispositive, and a finding of a likelihood of confusion need not be supported by a majority of the factors.  *Id.*

*Type of Mark and Similarity*

12.     Here, Priority Design's trademarks are standard word marks and word plus design marks. This means Priority Design's rights extend to the entire phrase "Priority Design & Service," its phonetic pronunciation, its overall impression on the consumer, as well as abbreviations of the phrase and the stylized logo used along with the phrase.  Priority Design's rights are not limited to the design of the words.  Priority Air's use of "Priority Air" is distinguishable only by inserting the word "Air" instead of Design.  However, when this substitution is made in the context of heating and air conditioning services, it is not a substantial substitution and creates a likelihood of

confusion for the consumer. Thus, these factors weigh in favor of this Court finding Priority Air's use of "Priority Air" creates a likelihood of confusion and is infringing on Priority Design's Trademarks.

### *Similarity of Products*

13. Priority Design offers heating and air conditioning services in residential and multi-family buildings. Priority Air is also marketing and selling heating and air conditioning services in residential and multi-family buildings. This means Priority Design and Priority Air's services are exactly the same. Thus, this factor weighs in favor of the Court finding Priority Air's use of "Priority Air" creates a likelihood of confusion and is infringing on Priority Design's Trademarks.

### *Identity of Purchasers*

14. Because Priority Design and Priority Air sell the same design services in the same channel of trade, in the same geographic areas, their actual and potential consumers are also identical. Priority Air is performing services for Priority Design's potential clients. Accordingly, this factors weighs in favor of the Court finding Priority Air's use of "Priority Air" creates a likelihood of confusion and is infringing on Priority Design's Trademarks.

### *Identity of Advertising Media*

15. Both Priority Design and Priority Air advertise through their websites, marked vehicles, and business cards. This is yet another factor where Priority Air is using Priority Design's trademarks in exactly the same way as Priority Design. Thus, this factor weighs in favor of the Court finding Priority Air's use of "Priority Air" creates a likelihood of confusion and is infringing on Priority Design's Trademarks.

*Priority Air's Intent*

16. Priority Design first began using its "Priority Design" mark in commerce in February 1999. Priority Air did not begin using the "Priority Air" name until relatively recently, after Priority Design had established a successful business and goodwill under the nearly identical name. This demonstrates Priority Air's intent to trade on the goodwill Priority Design worked hard to associate with the "Priority Design" name. This, combined with the fact that Priority Air operates in the same channels of trade as Priority Design, should allow the Court to easily draw the conclusion that Priority Air's infringement of Priority Design's trademarks was and is intentional.

17. In sum, every single factor in the "digits of confusion" analysis weighs in favor of the Court finding Priority Air is infringing on Priority Design's Trademark rights.

## V.  CLAIMS

### COUNT I
### FEDERAL UNFAIR COMPETITION AND FALSE DESCRIPTION

18. Priority Design incorporates each of the above paragraphs as though set forth in full at this point.

19. Defendants' acts complained of herein constitute unfair competition and false description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

20. Defendants' activities are likely to cause confusion, or to cause mistake or to deceive as to affiliation, connection, or association of Defendants and their goods and services with Priority Design, or as to the origin, sponsorship or approval of Defendants' goods and services with Priority Design, all in violation of 15 U.S.C. § 1125(a).

21. As a direct and proximate result of Defendants' conduct, Priority Design has suffered and will continue to suffer damages including, without limitation, the loss of revenue,

reputation, goodwill, and exclusivity in Priority Design's trademarks, in an amount to be proven at trial.

22. As a direct and proximate result of Defendants' conduct, Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

23. Unless enjoined by this Court, Defendants' above-described conduct will continue to cause irreparable injury, for which Priority Design has no adequate remedy at law, in the nature of injury to Priority Design's reputation, goodwill, and trademarks, as well as confusion and deception among consumers. Priority Design is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

24. Defendants' actions were taken in willful, deliberate, and/or intentional disregard of Priority Design's rights.  Priority Design is entitled to recover treble damages, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

## COUNT II
## FEDERAL FALSE ADVERTISING

25. Priority Design incorporates each of the above paragraphs as though set forth in full at this point.

26. Defendants' acts complained of herein constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1) (B).

27. Priority Design and Defendants are competitors in the provision of commercial design services.  Priority Design has been and is likely to be, damaged by Defendants' false, misleading and inaccurate statements and omissions.  Priority Design's damages include lost revenue, lost market share, and damaged goodwill.  Defendants' false, misleading, and inaccurate statements and omissions have caused those injuries.

7

28. As a direct and proximate result of Defendants' conduct, Priority Design has suffered and will continue to suffer damages including, without limitation, the loss of revenue, reputation, goodwill, and exclusivity in Priority Design's trademarks, in an amount to be proven at trial.

29. As a direct and proximate result of Defendants' conduct, Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

30. Unless enjoined by this Court, Defendants' above-described conduct will continue to cause irreparable injury, for which Priority Design has no adequate remedy at law, in the nature of injury to Priority Design's reputation, goodwill, and trademarks, as well as confusion and deception among consumers. Priority Design is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

31. Defendants' actions were taken in willful, deliberate, and/or intentional disregard of Priority Design's rights. Priority Design is entitled to recover treble damages, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

## COUNT III
## STATE UNFAIR COMPETITION TEXAS BUS. & COMM. CODE, CHAPTER 16

32. Priority Design incorporates each of the above paragraphs as though set forth in full at this point.

33. Defendants' actions at issue constitute unfair competition in violation of Chapter 16 of the Texas Business & Commerce Code.

34. Defendants' use of their confusingly similar name "Priority Air Service," is calculated to deceive the relevant consuming public into accepting and purchasing Defendants'

services in the mistaken belief that they are Priority Design's services, or that they are sponsored by, connected with, or supplied under the supervision of Priority Design.

35. Defendants' adoption and use of Priority Design's trademarks on Defendants' goods and services constitutes unfair competition. By such use, Defendants have represented that their goods and services are actually those supplied by Priority Design. This use creates likelihood that the consuming public will be confused or deceived.

36. Defendants' actions constitute dilution, unfair competition, palming of, passing off, and misappropriation of Priority Design's rights under Tex. Bus. & Comm. Code, § 16.102. Defendants' actions usurp, and will continue to usurp, the goodwill and reputation earned by Priority Design, and permit Defendants to readily obtain consumer acceptance of goods and services offered for sale, and to give Defendants' goods and services a quality they would not otherwise have, all at Priority Design's expense.

37. As a direct and proximate result of Defendants' conduct, Priority Design has suffered and will continue to suffer damages including, without limitation, the loss of revenue, reputation, goodwill, and exclusivity in Priority Design's trademarks, in an amount to be proven at trial.

38. As a direct and proximate result of Defendants' conduct, Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

39. Unless enjoined by this Court, Defendants' above-described conduct will continue to cause irreparable injury, for which Priority Design has no adequate remedy at law, in the nature of injury to Priority Design's reputation, goodwill, and trademarks, as well as confusion and

deception among consumers. Priority Design is entitled to injunctive relief pursuant to § 16.104 of the Texas Bus. & Comm. Code.

40. Defendants' acts have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of Priority Design's rights, with intent to cause confusion and dilution, and to trade off Priority Design's vast good will in its trademarks, making this an exceptional case entitling Priority Design to injunctive relief and enhanced damages and attorneys' fees as provided under Texas Civil Practice & Remedies Code § 41.003.

## COUNT IV
## TRADEMARK INFRINGEMENT

41. Priority Design incorporates each of the above paragraphs as though set forth in full at this point.

42. Defendants' acts, described above, constitute Federal and Texas common law trademark infringement.

43. As a direct and proximate result of Defendants' conduct, Priority Design has suffered and will continue to suffer damages including, without limitation, the loss of revenue, reputation, goodwill, and exclusivity in Priority Design's trademarks, in an amount to be proven at trial.

44. As a direct and proximate result of Defendants' conduct, Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

45. Unless enjoined by this Court, Defendants' above-described conduct will continue to cause irreparable injury, for which Priority Design has no adequate remedy at law, in the nature of injury to Priority Design's reputation, goodwill, and trademarks, as well as confusion and

deception among consumers. Priority Design is entitled to injunctive relief pursuant to the Lanham Act and 16.104 of the TEXAS BUS. & COMM. CODE.

46. Defendants' acts have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of Priority Design's rights, with intent to cause confusion and dilution, and to trade off Priority Design's vast good will in its trademarks, making this an exceptional case entitling Priority Design to injunctive relief and enhanced damages and attorneys' fees as provided under Texas Civil Practice & Remedies Code § 41.003.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

47. Priority Design incorporates each of the above paragraphs as though set forth in full at this point.

48. Defendants' activities complained of constitute unfair competition under Texas common law in that they are likely to cause consumers to believe that Defendants' products and services originate from the same source as, or are sponsored or approved by, Priority Design, or that there is an association, affiliation or connection between Defendants and Priority Design.

49. Defendants' actions are with knowledge of the existence of Priority Design's trademarks and with the intent to cause confusion and/or trade on Priority Design's reputation and goodwill.

50. As a direct and proximate result of Defendants' conduct, Priority Design has suffered and will continue to suffer damages including, without limitation, the loss of revenue, reputation, goodwill, and exclusivity in Priority Design's trademarks, in an amount to be proven at trial.

51. As a direct and proximate result of Defendants' conduct, Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

52. Defendants' acts have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of Priority Design's rights, with intent to cause confusion and dilution, and to trade off Priority Design's vast good will in its trademarks, making this an exceptional case entitling Priority Design to injunctive relief and enhanced damages and attorneys' fees as provided under Texas Civil Practice & Remedies Code § 41.003.

## COUNT VI
## TORTIOUS INTERFERENCE WITH EXISTING RELATIONS

53. Priority Design incorporates each of the above paragraphs as though set forth in full at this point.

54. Defendants' wrongful actions have interfered with Priority Design's existing business relations, resulting in business lost by Priority Design and gained by Defendants.

55. Defendants' actions are with knowledge of the existence of Priority Design's Trademarks and with the intent to cause confusion and/or trade on Priority Design's reputation and goodwill.

56. As a direct and proximate result of Defendants' conduct, Priority Design has suffered and will continue to suffer damages including, without limitation, the loss of revenue, reputation, goodwill, and exclusivity in Priority Design's trademarks, in an amount to be proven at trial.

57. As a direct and proximate result of Defendants' conduct, Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

58. Defendants' acts have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of Priority Design's rights, with intent to cause confusion and dilution, and to trade off Priority Design's vast good will in its trademarks, making this an exceptional case entitling Priority Design to injunctive relief and enhanced damages and attorneys' fees as provided under Texas Civil Practice & Remedies Code § 41.003.

## COUNT VII
## TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS

59. Priority Design incorporates each of the above paragraphs as though set forth in full at this point.

60. Defendants' wrongful actions have interfered with Priority Design's prospective business relations, resulting in business lost by Priority Design and gained by Defendants.

61. Defendants' actions are with knowledge of the existence of Priority Design's Trademarks and with the intent to cause confusion and/or trade on Priority Design's reputation and goodwill.

62. As a direct and proximate result of Defendants' conduct, Priority Design has suffered and will continue to suffer damages including, without limitation, the loss of revenue, reputation, goodwill, and exclusivity in Priority Design's trademarks, in an amount to be proven at trial.

63. As a direct and proximate result of Defendants' conduct, Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

64. Defendants' acts have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of Priority Design's rights, with intent to cause confusion and dilution, and to trade off Priority Design's vast good will in its trademarks, making this an exceptional case entitling Priority Design to injunctive relief and enhanced damages and attorneys' fees as provided under Texas Civil Practice & Remedies Code § 41.003.

## JURY DEMAND

65. Priority Design hereby demands a trial by jury on all issues triable as of right by a jury.

## PRAYER FOR RELIEF

Priority Design prays for an order from this Court for:

1. An accounting of Defendant's earnings and profits while using its "Priority Air" name:

2. All actual, direct, consequential, special, and exemplary damages;

3. Treble damages pursuant to 15 U.S.C. § 117;

4. Attorneys' fees and costs as provided in 15 U.S.C. § 1117, and Chapter 16 of the TEX. BUS. & COMM. CODE;

5. Pre- and post-judgment interest at the maximum legal rates;

6. Injunctive relief; and

7. For such further relief as the Court may deem just.

Respectfully submitted,

**COKINOS | YOUNG**

 */s/ Stephanie O'Rourke*
STEPHANIE O'ROURKE
State Bar No. 15310800
10999 West IH-10, Suite 800
San Antonio, Texas 78230
(210) 293-8700
(210) 293-8733 (Fax)
sorourke@cokinoslaw.com


COUNSEL FOR PLAINTIFF, PRIORITY DESIGN & SERVICE, INC.