IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PRIORITY DESIGN & SERVICE, INC., | § | |
| | § | |
| *Plaintiff*, | § | SA-19-CV-00058-OLG |
| | § | |
| vs. | § | |
| | § | |
| GABRIEL PLAZA, | § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendant's Partial Motion to Dismiss Pursuant to Rule 12(b)(6) [#7]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas [#17]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's Motion [#7] be **GRANTED**.

### I. Background

This is an action arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.* Plaintiff Priority Design & Service, Inc. is a company providing residential and multi-family heating and air-conditioning services in greater San Antonio. (Compl. [#1] at ¶ 4.) Plaintiff's Original Complaint alleges that Defendant Gabriel Plaza d/b/a Priority Air Service is also in the air-conditioning industry and is conducting business in the San Antonio area, making Plaintiff and Defendant direct competitors. (*Id.* at ¶¶ 5–6.) Plaintiff claims it has been using its name and

1

logo as a trademark since 1999 and 2002, respectively, and has two pending applications with the U.S. Patent and Trademark Office ("USPTO") for nationwide registration of its "Priority Design & Service" word trademark and its logo design plus word trademark. (*Id.* at ¶ 6.) Plaintiff alleges Defendant's use of a highly similar name constitutes a violation of its trademark rights. (*Id.* at ¶¶ 5–6.)

Plaintiff sues Defendant for the following causes of action arising under federal and Texas law: (I) federal unfair competition and false description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (II) federal false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (III) state unfair competition in violation of Chapter 16 of the Texas Business and Commerce Code; (IV) common law trademark infringement; (V) common law unfair competition; (VI) tortious interference with existing business relationships; and (VII) tortious interference with prospective business relationships. Defendant moves to dismiss Counts II, III, VI, and VII of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded

must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, it is not bound to accept as true conclusory allegations or allegations that merely restate the legal elements of a claim. *See Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should only be dismissed if a court determines that it is beyond doubt that the claimant cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570.

### III. Analysis

Defendant's motion to dismiss should be granted because Plaintiff has failed to plead essential elements of its claims for false advertising under the Lanham Act, common law unfair competition, and tortious interference with prospective and existing business relations.

**A.      False Advertising under the Lanham Act (Count II)**

Plaintiff's false advertising claim (Count II) fails as a matter of law because Plaintiff's Complaint does not allege that Defendant included any literal misrepresentation or misleading statements in its advertising, only that it used a confusingly similar name to Plaintiff's trademark—conduct that is addressed in Count I of Plaintiff's Complaint.

Section 1125(a) of the Lanham Act prohibits

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false

3

> designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities . . . .

15 U.S.C. § 1125(a). "Section 1125(a) thus creates two distinct bases of liability: false association, § 1125(a)(1)(A), and false advertising, § 1125(a)(1)(B)." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 122 (2014).

The former focuses on whether the conduct of the defendant is "likely to cause confusion among consumers as to the source, affiliation, or sponsorship of [the defendant's] products or services." *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 483–84 (5th Cir. 2004). A claim of false advertising, however, focuses on literal misrepresentations or misleading statements in advertising and requires a showing of the following five elements: (1) a false or misleading statement of fact about a product; (2) such statement either deceived or had the capacity to deceive a substantial segment of potential consumers; (3) the deception was material, in that it is likely to influence the consumer's purchasing decision; (4) the product is in interstate commerce; and (5) Plaintiff has been or is likely to be injured as a result of the statement at issue. *IQ Prods. Co. v. Pennzoil Prods. Co.*, 305 F.3d 368, 375 (5th Cir. 2002).

Defendant contends Plaintiff failed to allege any false or misleading statement of fact about a product in a commercial advertisement to support a claim of false advertising. Plaintiff responds that Defendant engaged in false advertising by using a name confusingly similar to Plaintiff's on its websites, marked vehicles, and businesses, which had the effect of

misrepresenting the nature of origin of Defendant's services and falsely suggested that the two companies are the same. (Resp. [#10] at 4; Compl. [#1] at ¶ 15.)

The Fifth Circuit has explained that to sustain a claim for false advertisement under the Lanham Act, a plaintiff must demonstrate that a commercial advertisement or promotion is either literally false or contains a misleading statement that is likely to confuse consumers. *Pizza Hut, Inc. v. Papa John's Int'l*, Inc., 227 F.3d 489, 495 (5th Cir. 2000). Plaintiff's Complaint lacks any reference to a literal false statement. Nor does Plaintiff allege that Defendant's advertisements contained any misleading statements. Plaintiff merely alleges that Defendant used the actual name of its company in its advertising, but that the name of the company is confusingly similar to Plaintiff's trademark. These allegations are identical to Plaintiff's allegations in Count I for federal unfair competition, which focuses on the likelihood of confusion between Plaintiff's and Defendant's good and services in violation of 15 U.S.C. § 1125(a)(1)(A). (Compl. [#1] at ¶¶ 18–24.) Because Plaintiff does not allege any false or misleading statement by Defendant as to their goods or services in its commercial advertising or promotion of its business, Plaintiff fails to allege an essential element of their false advertising claim. *See IQ Prod. Co.*, 305 F.3d at 375. Accordingly, Count II of Plaintiff's Complaint should be dismissed.

**B.     State Unfair Competition Claim (Count III)**

Defendant argues for the dismissal of Plaintiff's state unfair competition claim under the Texas Business and Commerce Code on the basis that such a claim requires the registration of a trademark. Because Plaintiff's Complaint alleges that its trademark applications are still pending with the USPTO (Compl. [#1] at ¶ 6), Defendant asks the Court to dismiss this claim. The Court agrees with Defendant that Plaintiff's state unfair competition claim should be dismissed—

irrespective of its federal trademark applications—because registration of a trademark with the State of Texas is required to pursue such a claim under Texas law.

Section 16.102 of the Texas Business and Commerce Code, entitled "Infringement of Registered Mark," provides a registrant of a trademark with a cause of action for damages and injunctive relief for trademark infringement. The process for registration of a trademark with the State of Texas is set forth in Section 16.052 and requires the filing of an application to the Texas Secretary of State.

Accordingly, courts have repeatedly held that a trademark must be registered in Texas in order to maintain a cause of action under Section 16.102. *See, e.g.*, *Mission Trading Co., Inc. v. Lewis*, No. CV H-16-3368, 2017 WL 6935824, at *5 (S.D. Tex. July 31, 2017), *report and recommendation adopted*, No. CV H-16-3368, 2017 WL 4941408 (S.D. Tex. Nov. 1, 2017) (granting motion to dismiss claim under Section 16.102 because plaintiff failed to allege trademarks registered under Texas law). *See also SPFM L.P. v. Midmark Corp.*, No. SA-15-CA-00124-FB, 2017 WL 5235670, at *14 (W.D. Tex. July 31, 2017), *report and recommendation adopted*, No. SA-15-CA-124-FB, 2017 WL 5484692 (W.D. Tex. Sept. 14, 2017) (granting summary judgment on Section 16.102 claim because plaintiff failed to allege ownership of Texas registration of trademark at issue); *Vesta Corp. v. Vesta Mgmt. Servs., LLC*, Civil Action No. H-15-719, 2016 WL 8710440, at *14 (S.D. Tex. Sept. 30, 2016) (unpublished) (granting summary judgment on a trademark claim under Section 16.102 because trademark was registered federally, but not registered in Texas).

Plaintiff's response to Defendant's motion to dismiss suggests a confusion between a common law claim of trademark infringement/unfair competition and a statutory claim for trademark infringement under Section 16.102 of the Texas Business and Commerce Code.

Plaintiff asserts a claim for common law trademark infringement and unfair competition in Counts IV and V (which Defendant has not moved to dismiss) and argues that the same facts that support an action for federal trademark infringement support an action for common law unfair competition. (Resp. [#10] at ¶ 6–7; Compl. [#1] at ¶¶ 41–52.) Plaintiff is correct that generally the same evidence that supports an action for trademark infringement under the Lanham Act also supports an action for unfair competition under Texas common law, and Defendant does not challenge the sufficiency of these allegations. *See Marathon Mfg. Co. v. Enerlite Prods. Corp.*, 767 F.2d 214, 217 (5th Cir. 1985). But this legal principle does not address the deficiency that Defendant has identified with respect to Plaintiff's statutory cause of action for unfair competition under the Texas Business and Commerce Code. Because Plaintiff does not allege registration of any mark with the State of Texas, as required to assert such a claim, Count III of Plaintiff's Complaint should be dismissed.

**C.     Tortious Interference Claims (Counts VI and VII)**

Defendant asks the Court to dismiss Plaintiff's claims for tortious interference with both existing and prospective business relationships (Counts VI and VII) on the basis that Plaintiff's Complaint lacks any allegations as to the existence of a specific contractual relationship that ended due to Defendant's interference or a prospective business relationship that failed to develop due to Defendant's interference.

To prevail on a claim for tortious interference with prospective business relations, the Texas Supreme Court has held that the plaintiff must establish that (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct;

7

(3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss as a result. *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013). A claim for tortious interference with existing business relations has the following elements: (1) an existing contract subject to interference; (2) a willful and intentional act of interference with the contract; (3) that proximately caused the plaintiff's injury; and (4) caused actual damages or loss. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000).

Plaintiff's Complaint does not identify any specific prospective or existing business relationship or loss thereof and rests entirely on the allegation that Defendant has generally interfered with its prospective and existing business relationships by using a confusingly similar name and logo in the same region and channels of trade as Plaintiff, resulting in business losses. (Compl. [#1] at ¶¶ 16, 53–64.) These allegations are insufficient to plead a plausible claim of interference with prospective or existing business relationships.

In order to establish tortious interference with a prospective business relationship, the plaintiff must identify clients with which it would have done business but for the defendant's conduct. *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 676 (S.D. Tex. 2010). A general allegation that the defendant has interfered with existing and prospective relationships between the plaintiff and its customers "does not allow the court to infer that [the defendant] has interfered with any specific prospective contract or client relationship." *ThermoTek, Inc. v. WMI Enterprises, LLC*, 2011 W1 1485421 at *8 (N.D. Tex. 2011). *See also Suncoast Post-Tension, Ltd. v. Scoppa*, No. 4:13-CV-3125, 2014 WL 12596471, at *11 (S.D. Tex. May 13, 2014) (dismissing claim of tortious interference with prospective business relations for failure to identify any other prospective business clients); *Zhejiang Med. Co. v. Kaneka*

8

*Corp.*, No. CV H-11-1052, 2012 WL 12893418, at *4 (S.D. Tex. Aug. 13, 2012) (general allegation that "some" of plaintiff's potential customers refused to purchase its products was insufficient to allege a plausible claim of tortious interference).

The same principle governs claims regarding existing business relationships, a claim which requires pleading of an actual contract with an existing client. *See Greater Houston Transp. Co. v. Uber Techs., Inc.*, CIV.A. 4:14–0941, 2015 WL 1034254, at *18 (S.D. Tex. Mar. 10, 2015) (granting motion to dismiss tortious interference claims under Texas law where the plaintiff's allegations supported only that the defendant knew generally of the "nature of their business relations" rather than "individual contracts"); *Suncoast Post-Tension, Ltd. v. Scoppa*, No. 4:13-CV-3125, 2014 WL 12596471, at *10 (S.D. Tex. May 13, 2014) (finding plaintiff failed to adequately plead its claim for tortious interference with existing contract where complaint did not contain any allegations that it had a contract subject to interference); *M–I LLC v. Stelly*, 733 F. Supp. 2d 759, 775 (S.D. Tex. 2010) (holding that plaintiff failed to plead the first prong of its tortious interference with an existing contract claim where plaintiff alleged contracts with several customers but failed to allege the existence of a contract with those customers).

Because Plaintiff does not identify any prospective contracts or existing business relationships with third-parties that have been jeopardized by the actions of Defendant, Plaintiff's tortious interference claims amount to nothing more than a formulaic recitation of the elements of these causes of action, which is insufficient to state a claim under Texas law and federal pleading standards. *See Ceramic Performance Worldwide, LLC v. Motor Works, LLC*, No. 3-09-CV-0344-BD, 2010 WL 234804, at *3 (N.D. Tex. Jan. 21, 2010).

## IV.  Conclusion and Recommendation

In summary, having evaluated Plaintiff's Original Complaint under federal pleading standards, the undersigned recommends that Defendant's Partial Motion to Dismiss Pursuant to Rule 12(b)(6) [#7] be **GRANTED**.  The Court should dismiss Counts II, III, VI, and VII of Plaintiff's Complaint.  Defendant's motion does not challenge the sufficiency of Plaintiff's Complaint as to Counts I, IV, and V, and these claims should proceed.

## V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 15th day of May, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE